IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

STEFAN M. JONES                                                    PLAINTIFF

vs.                                  CIVIL No. 04-6151

JO ANNE B. BARNHART,
COMMISSIONER, SOCIAL SECURITY ADMINISTRATION               DEFENDANT

## MEMORANDUM OPINION

Stefan Jones (hereinafter "plaintiff"), brings this action pursuant to § 205(g) of the Social

Security Act ("the Act"), 42 U.S.C. § 405(g), seeking judicial review of a final decision of the

Commissioner of the Social Security Administration denying his application for a period of disability

and disability insurance benefits ("DIB"), under Title II of the Act.

## Background:

The application for DIB now before this court was filed on May 9, 2002, [1] alleging an onset

date of April 17, 2001, due to osteoarthritis; major depression; leg, back, neck, and shoulder pain;

and, a substance abuse disorder. (Tr. 13, 18). An administrative hearing was held on January 8,

2004. (Tr. 21-61). Plaintiff was present and represented by counsel.

At the time of the administrative hearing on January 8, 2004, plaintiff was thirty-seven years

old and possessed a general equivalency diploma. (Tr. 14, 27). The record reveals that he had past

relevant work experience ("PRW"), painting airplane parts, working as a short order cook, and

working as a water driller. (Tr. 14, 31, 55).

---

[1]Plaintiff had filed a prior application for SSI on June 8, 1998. (Tr. 12). However, that
application was denied initially on October 9, 1998. As the claimant did not request
reconsideration, the denial determination became final and binding on October 9, 1998. (Tr.
12).

On August 7, 2004, the Administrative Law Judge ("ALJ"), found that plaintiff had severe impairments, but that those impairments did not meet or equal the criteria of any of the impairments listed in Appendix 1, Subpart P, Regulations No. 4. (Tr. 13, 18). After discrediting plaintiff's subjective allegations, the ALJ concluded that he maintained the residual functional capacity ("RFC"), to perform medium work, limited by his inability to have contact with the public. (Tr. 17, 19). With the assistance of a vocational expert ("VE"), he determined that plaintiff could still perform his past work as a short order cook. (Tr. 19).

On September 28, 2004, the Appeals Council declined to review this decision. (Tr. 4-6). Subsequently, plaintiff filed this action. (Doc. # 1). This case is before the undersigned by consent of the parties. The plaintiff and Commissioner have filed appeal briefs, and the case is now ready for decision. (Doc. # 9, 10).

**Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have

2

decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevent him from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience. *See* 20 C.F.R. § § 404.1520(a)- (f)(2003). Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in

AO72A
(Rev. 8/82)

light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. § § 404.1520, 416.920 (2003).

**Discussion:**

Of particular concern to the undersigned is the ALJ's mental RFC assessment. RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). A disability claimant has the burden of establishing his or her RFC. *See Masterson v. Barnhart*, 363 F.3d 731, 737 (8th Cir.2004). "The ALJ determines a claimant's RFC based on all relevant evidence in the record, including medical records, observations of treating physicians and others, and the claimant's own descriptions of his or her limitations." *Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir. 2004); *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." *Lauer v. Apfel,* 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace." *Lewis v. Barnhart,* 353 F.3d 642, 646 (8th Cir. 2003). "Under this step, the ALJ is required to set forth specifically a claimant's limitations and to determine how those limitations affect her RFC." *Id*.

In the present case, the ALJ concluded, based on the RFC assessments of two non-examining, consulting psychologists, that plaintiff exhibited no episodes of decompensation. (Tr. 16). However, the evidence shows that plaintiff was hospitalized for suicidal ideations on at least three occasions between April 2002 and January 2003. On April 16, 2002, plaintiff reported to the emergency room,

4

due to depression and suicidal thoughts. (Tr. 165). He had reportedly made a gesture toward cutting his wrist the previous night, but his estranged wife stopped him. Plaintiff also reported a history of alcohol problems, having previously gone through detoxification. However, at the time of his admission, plaintiff was oriented, awake, and alert, but had a flat and tearful affect. He stated that he did not want to live or die. As such, plaintiff was admitted to the inpatient unit. Records indicate that he participated in both individual and group psychotherapy, as well as medication management. (Tr. 167). Following laboratory tests revealing normal levels, plaintiff was then started on Paxil. He did gradually improve, and was discharged on April 22, 2002. (Tr. 167). His final diagnoses were polysubstance dependence by history, adjustment disorder with depressed mood, rule out major depressive disorder, rule out organic personality disorder, rule out adult attention deficit hyperactivity, alcohol dependence by history, and personality disorder not otherwise specified with narcissistic and antisocial features. (Tr. 168). His global assessment of functioning score was fifty-five. (Tr. 168).

On July 17, 2002, plaintiff was again admitted to the hospital, due to suicidal ideations. (Tr. 216). He reported a plan to either jump in front of a truck or jump out of a truck while it was moving, along with thoughts of drinking himself to death. Plaintiff also stated that he was experiencing severe rage, which had resulted in multiple fights with his wife. During his stay, he was treated via Librium, and became more cooperative, agreeing to stay voluntarily. His alcohol withdrawal went uneventfully, and the Librium was discontinued. (Tr. 216-217). On July 22, 2002, plaintiff was discharged from the hospital. (Tr. 217). His discharge medication was Effexor XR,

5

and his diagnoses were major depression, alcohol abuse, cocaine abuse, rule out bipolar disorder II, and personality disorder not otherwise specified. (Tr. 217-218). He was noted to have a GAF of forty-five. (Tr. 218).

On January 14, 2003, plaintiff was admitted to the hospital with a diagnosis of depression with suicidal ideation. (Tr. 288). Plaintiff had reportedly been released from jail the previous day, only to find that he had been evicted from his home. He immediately began smoking marijuana, drinking beer, and thinking about dying. Plaintiff indicated that his plan was to starve himself, telling the nurse that he "just did not want to go on." He stated that he had previously attempted suicide in 1997 by overdosing on medication, and then again in 2002, by slitting his wrists. However, plaintiff later reported that he was not really trying to kill himself in 2002. (Tr. 288).

In addition, plaintiff complained of auditory and visual hallucinations. (Tr. 289). He also stated that he had been diagnosed with Attention Deficit/Hyperactivity Disorder, but was not able to obtain medication for this, due to his drug problems. Plaintiff went on to state that his father was suffering from post-traumatic stress syndrome, as well as paranoid schizophrenia. (Tr. 289).

By January 20, 2003, plaintiff was stable enough, and ready for discharge. (Tr. 286). He was reportedly no longer suicidal, homicidal, psychotic, or out of emotional control. Although plaintiff was not personally ready to return home, he no longer met the criteria for inpatient treatment. As such, he was discharged with a prescription for Effexor XR, and directed to follow-up with outpatient care. (Tr. 287).

As this evidence clearly shows that plaintiff was hospitalized on three occasions during a one

6

year span, we believe that the case should be remanded for further evaluation of plaintiff's mental impairments. *See* 20 C.F.R. Pt. 404, Subpart P, App. 1, § 12.00. In addition, we note that the ALJ failed to make mention of plaintiff's alcohol and drug abuse and rehabilitation. Since certain 1996 amendments to the Social Security Act, if alcohol or drug abuse comprises a contributing factor material to the determination of disability, the claimant's application must be denied. 42 U.S.C. § 423(d)(2)(C); 20 C.F.R § 404.1535. However, "[a] finding of disability is, in effect, a 'condition precedent' to applying the special rule on alcoholism and drug addiction." *See* 20 C.F.R. § 404.1535; Frank S. Bloch, BLOCH ON SOCIAL SECURITY § 3.39 (2003). Therefore, if appropriate, on remand, the ALJ should determine whether plaintiff's alcohol and drug abuse have contributed to his disability.

Further, after reviewing the entire record, it also appears that none of plaintiff's treating physicians have completed a mental RFC assessment for the time period in question. *See Vaughn v. Heckler*, 741 F.2d 177, 179 (8th Cir. 1984) (If a treating physician has not issued an opinion which can be adequately related to the disability standard, the ALJ is obligated to address a precise inquiry to the physician so as to clarify the record). The ALJ, in concluding that plaintiff could perform the exertional and non-exertional requirements of a wide range of sedentary work, relied on an RFC assessment completed by a non-examining medical consultant. (Tr. 423-432). We note, that the opinion of a consulting physician who examined the plaintiff once or not at all does not generally constitute substantial evidence. *See Jenkins v. Apfel*, 196 F.3d 922, 925 (8th Cir. 1999). Therefore, based on the current evidence of record, we do not find substantial evidence supporting the ALJ's

7

RFC determination.

Accordingly, on remand, the ALJ is directed to address interrogatories to the physicians who have evaluated and/or treated plaintiff, asking the physicians to review plaintiff's medical records; to complete a mental and physical RFC assessment regarding plaintiff's capabilities during the time period in question; and, to give the objective basis for their opinions, so that an informed decision can be made regarding plaintiff's ability to perform basic work activities on a sustained basis during the relevant time period in question. *Chitwood v. Bowen*, 788 F.2d 1376, 1378 n.1 (8th Cir. 1986); *Dozier v. Heckler*, 754 F.2d 274, 276 (8th Cir. 1985).

## Conclusion:

Accordingly, we conclude that the ALJ's decision is not supported by substantial evidence, and therefore, the denial of benefits to the plaintiff, should be reversed and this matter should be remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this <u>23rd</u> day of December 2005.

<u>/s/ Bobby E. Shepherd</u>
HONORABLE BOBBY E. SHEPHERD
UNITED STATES MAGISTRATE JUDGE

8